UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| JENNIFER LYNN DARNELL, | ) | |
| | ) | |
| *Plaintiff*, | ) | 2:17-CV-00103-MCLC |
| | ) | |
| vs. | ) | |
| | ) | |
| WOODBOURNE INVESTMENTS, LLC, | ) | |
| WALTER SCHWAB IRREVOCABLE | ) | |
| TRUST, JASON ARTHUR, ESQUIRE; | ) | |
| AND LISA MICHELLE GIBSON, | ) | |
| | ) | |
| *Defendants* | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendants have filed Motions for Reconsideration [Docs. 78, 79, 80] requesting the Court to reconsider its Order [Doc. 76] in which the court denied their motion for sanctions for not having shown they complied with the safe harbor provision of Rule 11. See Fed.R.Civ.P. 11(c). In this motion, Defendants assert that they provided sufficient evidence of meeting the strict requirements of the safe harbor provision of Rule 11.

**I.  Relevant Background and Procedural History**

The facts of this case are set forth in the Court's memorandum opinion and order denying Defendants' motions for sanctions [Doc. 76]. Even before ultimately succeeding on a motion to dismiss for failure to state a claim and for summary judgment in March 2018 [Docs. 19, 21, 23, 73], Defendants filed motions for sanctions against Plaintiff and Plaintiff's counsel in September 2017 [Docs. 36, 38, 51]. On April 29, 2018, Plaintiff appealed the Court's decision granting Defendants' converted motions to dismiss to the Sixth Circuit Court of Appeals. [Doc. 74]. On May 8, 2018, the Court denied Defendants' motions for sanctions finding that there was no

1

evidence that Defendants sent a copy of the motion for sanctions to the opposing parties 21 days prior to its filing as required by the safe harbor provision of Rule 11 [Docs. 76, 77]. Immediately thereafter on May 11, 2018, Defendants filed these motions for reconsideration [Docs. 78-80]. On May 17, 2018, the Sixth Circuit ordered the case be held in abeyance until after this Court addressed these motions for reconsideration [Doc 81]. The Court does so now.

## II.     Standard of Review

Rule 59(e) of the Federal Rules of Civil Procedure provides that a court may alter or amend a judgment if filed within 28 days after entry of the judgment for the following reasons:

(1) a clear error of law;

(2) newly discovered evidence;

(3) an intervening change in controlling law; or

(4) a need to prevent manifest injustice.

*Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006) (internal quotation marks and citation omitted). Here, Defendants seek relief under Rule 59(e), arguing that the Court made a "clear error of law based upon a factual error" resulting in manifest injustice [Doc. 78 p. 4].

The decision to grant or deny a motion under Rule 59(e) falls under the Court's considerable discretion, "and such a decision is reversible only for abuse." *Page v. United States*, 2018 U.S .Dist. LEXIS 134410, *2 (E.D. Tenn Aug. 9, 2018) (citing *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)). Notably, Rule 59(e) motions are not to be used to re-argue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). They "are aimed at *re*consideration, not initial consideration." *F.D.I.C. v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992) (emphasis in original). In addition, "a party may not introduce evidence

for the first time in a motion for reconsideration where that evidence could have been presented earlier." *Shah v. NXP Semiconductors USA, Inc.*, 507 F. App'x 483, 495 (6th Cir. 2012) (citations omitted).

## III. Analysis

Rule 11 requires a motion for sanctions to be provided to the opposing party no less than 21 days before filing the motion with the court, giving the opposing party time to withdraw the contested pleading. *Tillman v. Apostolopoulos*, 2010 WL 5088763, at *1 (E.D. Mich. Dec. 8, 2010) (citing Fed.R.Civ.P. 11(c)(2)). "A failure to follow this rigid procedure is fatal to a request for sanctions under Rule 11." *Tillman*, 2010 WL 5088763, at *1. The issue here is whether Defendants provided to the Court the necessary evidence that would support a finding that all of the requirements of Rule 11 had been met when they filed their motions for sanctions. They did not.

Upon review of Defendants' pleadings in support of their motions for sanctions, Defendants did not demonstrate that they had forwarded a copy of the motion for sanctions to Plaintiff's counsel prior to its filing. As exhibits to Gibson's memorandum in support of the motion for sanctions, Defendants provided a letter from Plaintiff's counsel, Mr. Kyle Vaughan, dated July 29, 2017, acknowledging the receipt of the letter sent to him requesting the withdrawal of the complaint [Doc. 37-1, p. 2-3]. Also included in Exhibit 1 were various tax notices for Plaintiff [Doc. 37-1, p. 4-6] and the two separate, formal demand letters from Defendants' counsel requesting withdrawal of the complaint [Doc. 37-1, p. 7-14]. The first letter was from Mr. Jason Shade, Esq., counsel for defendant Mr. Jason Arthur, dated July 27, 2017 [Doc. 37-1, p. 7-10]. The second letter was from Mr. Jason Arthur, counsel for Ms. Michelle Gibson, dated July 24, 2017 [Doc. 37-1, p. 11-14]. Exhibit 2 contained the quitclaim deed and property descriptions for land in the name of Jennifer Boyd. Neither exhibit included a copy of the motion for sanctions that they

supposedly sent to attorney Vaughan as required by the safe harbor provision of Rule 11. In support of Walter Schwab Irrevocable Trust and Woodbourne Investments, LLC's motion for sanctions, as well as Mr. Jason Arthur's motion for sanctions, Defendants attached the same exhibits as described above, specifically the receipt letter, tax notices, letters demanding withdrawal, and deed [Doc. 39-1, 39-2, 52-1, and 52-2]. There were also no additional exhibits filed with those motions.

Across the three separate motions for sanctions filed by Defendants, they only provide *letters* sent to Plaintiff's counsel demanding the withdrawal of the complaint. They did not provide the Court with the required copy of the motion for sanctions that they forwarded to Mr. Vaughn.

Defendants assert in these motions for reconsideration that the Court has made factually incorrect statements about their compliance with the Rule 11 safe harbor provision. They rely on a statement made in each of Defendants' three reply briefs in support of their motions for sanctions that the ". . . Motion for Sanctions was forwarded under the 'safe harbor' provision before being filed. . ." as well as an accompanying footnote stating that "[a]s required by Rule 11, [Defendants] forwarded the Motion for Sanctions to Plaintiff's counsel more than 21 days before filing the Motion." [Docs. 54, p. 6 and n. 6; 55, p. 5 and n. 6; 62, p. 5 and n. 6].

However, it was not until the filing of *these* motions for reconsideration that Defendants' counsel attached as an exhibit a letter from August 9, 2017 from attorney Arthur to attorney Vaughan containing the copy of the motion for sanctions and memorandum in support thereof. This letter and its attachments were not made available to the Court for its consideration until these motions. While it was available to Defendants to include in the original motions filed September 6, 2017 and September 22, 2017, as the letter was dated prior to those dates and as is required by the safe harbor provision, they chose not to include it with the other documents attached as exhibits

4

to the original motions for sanctions. Instead, they chose to attach the demand letter sent to Vaughan as proof of compliance with the safe harbor provision, when courts have explicitly found that letters of that sort do not trigger the procedural requirements of Rule 11 sanctions. See *Penn, LLC v. Prosper Bus. Dev. Corp.* 773 F.3d 764, 767 (6th Cir. 2014).

While Defendants argue that stating that their delivery of the motion to Plaintiff's counsel in their *reply briefs* was sufficient proof, Local Rules regarding motion practice state that reply briefs "are not required by the Court" and "shall [only] directly reply to the points and authorities contained in the answering brief." E.D. Tenn. L.R. 7.1. "Both efficiency, and fairness to one's adversary, militate in favor of requiring a movant's opening brief to identify with certainty all the arguments and *evidence* which the movant believes supports his position." *Int'l-Matex Tank Terminals-Ill. v. Chem. Bank*, 2009 WL 1651291, *2 (W.D. Mich. June 11, 2009)(emphasis added). Additionally, the Court "will not consider issues or evidence raised for the first time in [a] reply" under the same principle. *Int'l-Matex*, 2009 WL 1651291, *2 (citing *Gadda v. State Bar of Calif.*, 511 F.3d 933, 937 n. 2 (9th Cir. 2007)). While this precedent has been established in reference to consideration on appeal, the same principles of efficiency and fairness should apply to a motion for reconsideration in light of the Court's considerable discretion in passing judgment on motions of this type.

The Court made no clear error of law in finding that there was no evidence presented showing that Defendants sent Plaintiffs a copy of the motion for sanctions as required. Besides the brief statement in the reply brief that the motion for sanctions was forwarded to Plaintiff's counsel in the appropriate time period, there was no physical evidence of such action being taken. Even if the Court were under the obligation to consider new evidence presented for the first time in a reply

brief, which it is not, a statement claiming adherence to the rule does not offer definitive proof of such adherence.

More importantly, it is not as if the Defendants failed to provide the Court any evidence of their efforts to notify Plaintiff of their desire to pursue Rule 11 sanctions. They attached the demand letter sent to Plaintiff's counsel as exhibits to the initial motions for sanctions. But they chose not to attach the very letter required to show that they had fully complied with the requirements of Rule 11. Defendants had access to this letter referencing the forwarded copy of the motion at the time of filing the initial motions for sanctions. Defendants could have easily attached that letter and proven their compliance with Rule 11, as they finally did in these motions. They simply did not.

As the Court has considerable discretion in deciding motions made under Rule 59(e), the Court finds that while Defendants had the appropriate evidence in their possession at the time of the initial filings of the motions for sanctions, they failed to provide that evidence to the Court at that time. Therefore, Defendants have failed to prove that the Court made a clear error of law that would result in manifest injustice.

Accordingly, Defendants' motions for reconsideration [Docs. 78, 79, 80] are DENIED. These are the final motions pending in this case.

SO ORDERED:

s/Clifton L. Corker
United States Magistrate Judge