UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| JENNIFER LYNN DARNELL, | ) |
| | ) |
| Plaintiff, | ) 2:17-CV-00103-DCLC |
| | ) |
| vs. | ) |
| | ) |
| WOODBOURNE INVESTMENTS, LLC, WALTER SCHWAB IRREVOCABLE TRUST, JASON ARTHUR, ESQUIRE, and LISA MICHELLE GIBSON, | ) |
| | ) |
| Defendants | |

**MEMORANDUM OPINION AND ORDER**

This case is before the Court on remand from the Sixth Circuit Court of Appeals [Doc. 93]. The Sixth Circuit imposed against Plaintiff and her counsel, Mr. Kyle Vaughan, Defendants' costs and attorney's fees as sanctions for prosecuting the appeal [Docs. 93, 94, 95]. The Sixth Circuit also found that Rule 11 sanctions should also be imposed for prosecuting the case in district court and remanded the case for the imposition of additional Rule 11 sanctions relative to the proceedings in district court [Doc. 93].

On remand, this Court ordered Defendants to submit to the Court its request with supporting documentation of all additional sanctions they were seeking [Doc. 96]. Plaintiff submitted a proposed agreed order for the payment of sanctions to Defendants Jason Arthur and Lisa Gibson [Doc. 100]. Defendants Woodbourne Investments, LLC ("Woodbourne") and Walter Schwab Irrevocable Trust ("the Trust") submitted a memorandum [Doc. 99]. Plaintiff responded [Doc. 101], and Defendants Woodbourne and the Trust replied [Doc. 102]. The Court held a telephonic hearing on this matter on April 8, 2020. This matter is now ripe for resolution.

1

The Court originally set an in-person hearing to adjudicate this matter. However, due to the COVID-19 pandemic and Standing Order 20-06, the Court changed the hearing to allow the parties to participate telephonically. Mr. Kyle Vaughan (representing himself), Mr. Alan Breckenridge (representing Woodbourne and the Trust), and Mr. Jason Arthur (representing himself and Lisa Gibson) participated in the hearing telephonically. At the hearing, the parties reiterated their positions on what sanctions should be imposed by this Court. The Court shall address the sanctions against Plaintiff and her counsel separately, as the Court of Appeals ordered that the sanctions be shared equally between the two of them.

I. **Rule 11 Sanctions against Mr. Kyle Vaughan, Attorney**

Based on the briefs filed in this case and the parties' statements at the hearing, Mr. Vaughan entered into agreements with both Defendants Arthur and Gibson and Defendants Woodbourne and the Trust. Mr. Vaughan agreed to pay Mr. Arthur and Ms. Gibson $3,000 each for their share of attorneys' fees by November 24, 2019 [Doc. 100]. At the hearing, Mr. Arthur stated that Mr. Vaughan paid $1,500 but has not paid any further toward the agreed upon amount. Mr. Arthur and Ms. Gibson request that the Court affirm the parties' earlier agreement and order Mr. Vaughan to pay them each $3,000, less the $1,500 already paid. The Court finds this agreement and the amount of fees and sanctions reasonable and approves the same. The Court shall enter judgment against Mr. Vaughan for the benefit of Mr. Jay Arthur, Esq. in the amount of $3,000 each, less $1,500 already paid, for a total judgment in the amount of $4,500.[1]

Mr. Allan Breckenridge, counsel for Defendants Woodbourne and the Trust, indicated that he had reached an agreement with Mr. Vaughan "whereby [Vaughan] will voluntarily pay

---

[1] At the hearing, Mr. Arthur stated that, as counsel for Ms. Gibson, he would remit her share of any funds received over to her as appropriate.

sanctions over time to Defendants in the amount of 50% of their attorneys' fees and costs in defending this matter in the district court…" in addition to his half of the sanctions ordered by the Sixth Circuit Court of Appeals [Doc. 99]. At the hearing, Mr. Breckenridge advised the Court that his clients had reached an agreement with Vaughan, individually, to pay $25,000 toward his half of the fees incurred in the district court case and $24,992.50 toward his half of the sanctions imposed by the Sixth Circuit.

Mr. Vaughan was to pay $7,500 by the 25th of each month until that total agreed upon amount was liquidated [Doc. 103]. Mr. Vaughan paid $13,500 toward that agreement but has not continued to make any further payments. Defendants request the Court to affirm the agreement of the parties, requiring Mr. Vaughan to pay the remaining $11,500 of the district court fees and the total amount of the appellate fees for a total of $36,492.50.

The Court afforded Mr. Vaughan an opportunity to be heard and address any issues he might have with the requested amount or present other proof he might want the Court to consider in mitigation. He agreed the amount requested by counsel for Defendants was appropriate. However, he requested the Court delay the entry of any judgment for at least 30 days. Counsel for Defendants opposed the request and the Court declined to extend any additional time because nothing would occur over the next 30 days that would change the status quo of this case especially in light of the status of Mr. Vaughan's license to practice law.

After considering Defendants' memorandum, Mr. Breckenridge's supporting affidavit, and the statements made at the hearing, including the statements offered by Mr. Vaughan, and the record as a whole, the Court finds that the requested fees are reasonable and are properly supported in the record. Therefore, the Court shall enter judgment against Mr. Vaughan to the benefit of Woodbourne and the Trust in the amount requested of $49,992.50, less the amount paid of $13,500,

for a total judgment in the amount of $36,492.50. Such amount shall be due and payable immediately for which execution may enter if not sooner paid.

## II. Rule 11 sanctions against Jennifer Darnell, Plaintiff

As a preliminary note, Plaintiff is currently unrepresented by counsel. As referenced in the Court's original order setting this matter for a hearing, Mr. Vaughan was temporarily suspended from the practice of law by the Tennessee Board of Professional Responsibility, effective February 21, 2020. Therefore, the Court gave Plaintiff 60 days to obtain new counsel, setting the hearing after that time frame [Doc. 104]. The Court also ordered Plaintiff to provide the Court with her contact information. Finally, the Court directed Mr. Vaughan to provide Plaintiff with a copy of that order, as he was the only one who had her contact information at the time. At the hearing, Mr. Vaughan represented that he had provided a copy of the Court's order to Plaintiff using their typical means of communication.[2] However, Plaintiff has not contacted the Court, nor did she call in to the hearing.

The Court also notes that what is not at issue is whether sanctions should be imposed. The Sixth Circuit has found that Plaintiff should be sanctioned for prosecuting this case in the district court. The Sixth Circuit imposed monetary sanctions based on reasonable attorney's fees expended in the case and remanded the case back to this Court for imposition of additional sanctions.

Mr. Arthur stated that neither he nor Ms. Gibson were seeking sanctions from Plaintiff. However, Mr. Breckenridge asserted that Defendants Woodbourne and the Trust were seeking sanctions against Plaintiff "in the amount of the remaining attorney's fees and costs, including

---

[2] At the Court's request at the hearing, Mr. Vaughan provided the Court with the Plaintiff's mailing address and email address, which he used to communicated with Plaintiff while representing her.

4

50% of the costs of this briefing." [Doc. 99]. As further detailed in Defendant's memorandum, supporting affidavit, and statements at the hearing, these Defendants seek a total of $45,887.25, which is the sum of $20,894.75 for attorney's fees expended for defending the matter in the district court and $24,992.50 as her share of the sanctions imposed by the Sixth Circuit. *See* [Doc. 99, pg. 4].

After full consideration of the arguments of counsel and the record as a whole, the Court finds that these attorney's fees and expenses requested as sanctions to be reasonable and fair and are consistent with the market rate for such services expended. Accordingly, a judgment shall enter against Plaintiff Jennifer Darnell, individually, for sanctions as detailed herein for the benefit of Woodbourne and the Trust in the total amount of $45,887.25. Such amount shall be due and payable immediately for which execution may enter if not sooner paid.

### III.  Retention of Jurisdiction

The Court shall retain jurisdiction over the actions and parties' obligations required by this Memorandum Opinion and Order and shall retain jurisdiction to enter any such further orders as are requested by the parties to enforce such obligations if they are not timely satisfied.

### IV.  Conclusion

As stated above, the Court shall impose sanctions against Plaintiff Jennifer Darnell and Mr. Kyle Vaughan. Plaintiff's Joint Motion for Entry of an Agreed Order [Doc. 100] and Defendants' Motion for Leave to File Additional Briefing [Doc. 103] are **DENIED as moot**. That resolves all pending matters in this case. A separate judgment shall enter. The Clerk shall close the case.

SO ORDERED:

s/ Clifton L. Corker
United States District Judge